IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**JOSE MANUEL ALVAREZ-CARTAGENA,**<br><br>Defendant. | CRIMINAL NO. 18-408 (GAG) |

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: **Rosa Emilia Rodríguez-Vélez**, United States Attorney, **Timothy Henwood**, First Assistant United States Attorney, **Jenifer Y. Hernandez-Vega**, Assistant United States Attorney and Deputy Chief, Violent Crimes and RICO Unit, and **David T. Henek**, Assistant United States Attorney, along with Defendant, **JOSE MANUEL ALVAREZ-CARTAGENA**, and his counsel, **Diego H. Alcala-Laboy,** and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Counts One and Four.

**Count One:**

On or about June 18, 2018, in the United States, in the District of Puerto Rico and within the jurisdiction of this Court, **JOSE MANUEL ALVAREZ-CARTAGENA,** the defendant herein, did knowingly possess a firearm, that is, one (1) Smith and Wesson revolver, caliber .357, model 65-3, serial number AWY942, loaded with six (6) rounds of .357 caliber ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is possession with intent to distribute controlled substances in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

**Count Four:**

On or about June 18, 2018, in the United States, in the District of Puerto Rico and within the jurisdiction of this Court, **JOSE MANUEL ALVAREZ-CARTAGENA,** the defendant herein, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. **MAXIMUM PENALTIES**

**Count One: 924(c):** The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not less than five (5) years and up to life in prison, pursuant to Title 18, United States Code, Section 924(c)(1); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to Title 18, United States Code, Section 3571(b)(3);

a supervised release term of not more than five (5) years, pursuant to Title 18, United States Code, Section 3583(b)(1); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18, United States Code, Section 3013(a)(2)(A).

**Count Four: 841(a)(1) and (b)(1)(D)-Marihuana:** The maximum statutory penalty for the offense charged in Count Four of the Indictment, is a term of imprisonment of not more than five (5) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00); a supervised release term of at least two (2) years, all pursuant to 21, United States Code, Section 841(b)(1)(D); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18, United States Code, Section 3013(a)(2)(A).

3. **SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with Title 18, United States Code, Sections 3551-3586, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

3

5.   **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. Section 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution.

6.   **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>. Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. <u>See</u> Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. <u>See</u> Fed. R. Crim. P. 11(c)(3)(B).

7.     APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the United States and Defendant submit the following advisory Guidelines calculations:

### COUNT ONE:



| 18 U.S.C. § 924(c)(1)(A) | |
|---|---|
| A minimum consecutive term of imprisonment of sixty (60) months is mandatory, with a maximum of life | 60 months (to run consecutively to the sentence imposed for Count Four) |

### COUNT FOUR:

| SENTENCING GUIDELINES CALCULATIONS 21 U.S.C. §§ 841(a)(1) | |
|---|---|
| **Base Offense Level** [§§2D1.1(a)(5) & 2D1.1(c)(14)]: Parties stipulate that defendant is responsible for possessing with the intent to distribute less than 1 kilogram of marihuana | 6 |
| **Adjustment** [§ 3E1.1(a)]: Defendant timely accepted responsibility and offense level | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 4 |

| C.H. Category I | C.H. Category II | C.H. Category III | C.H. Category IV | C.H. Category V | C.H. Category VI |
|---|---|---|---|---|---|
| 0-6 months | 0-6 months | 0-6 months | 2-8 months | 4-10 months | 6-12 months |

8. **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agree that for Count One, the parties will recommend a sentence of imprisonment of **sixty (60)** months to run consecutive to the term of imprisonment in Count Four. For Count Four, Defendant may request a sentence of imprisonment equal to the **lower end**, while the United States may request a sentence of imprisonment equal to the **higher end**, of the applicable guideline range at a total adjusted offense level of **four (4)** when combined with Defendant's criminal history category as determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.

9. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

10. **WAIVER OF APPEAL**

The defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is sixty-six (66) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, **Diego H. Alcala-Laboy**, and asserts that counsel has rendered effective legal assistance.

### 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant

      unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15. **FIREARMS FORFEITURE**

Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property") that is, one (1) Smith and Wesson revolver, caliber .357, model 65-3, serial number AWY942, loaded with six (6) rounds of .357 caliber ammunition. All pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). Defendant

acknowledges that he possessed the Property in violation of Title 18, United States Code, Section 924(c), and that the Property is therefore subject to forfeiture to the United States.

### 16. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 17. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

### 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 19. DISMISSAL OF REMAINING COUNTS

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss the remaining Counts charged in the Indictment.

9

## 20. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy Henwood**
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 8-12-19

_____
**Jenifer Y. Hernandez-Vega**
Assistant U.S. Attorney
Deputy Chief, Violent Crimes and RICO Unit
Dated: 8|12|2019

_____
**David T. Henek**
Assistant U.S. Attorney
Dated: 7/6/19

_____
**Diego H. Alcala-Laboy**
Counsel for Defendant
Dated: 8/26/19

_____
**Jose Manuel Alvarez-Cartagena**
Defendant
Dated: 7/26/19

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 8/26/2019

_____
**Jose Manuel Alvarez-Cartagena**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 8/26/2019

_____
**Diego H. Alcala-Laboy**
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, **Jose Manuel Alvarez-Cartagena**, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of Title 18, United States Code, Section 924(c) and 21, United States Code, Sections 841(a)(1). The following is a synopsis of the facts in this case:

On June 18, 2018, at approximately 1:40 pm, Puerto Rico Police Department (PRPD) agents assigned to the Drug unit of Guayama, Puerto Rico, were conducting a surveillance operation in Carioca Public Housing Project (PHP) located in Guayama, Puerto Rico. Outside of Building 8, Apartment 43, PRPD agents observed **ALVAREZ-CARTAGENA,** engage in 3 separate hand-to-hand exchanges in which they observed **ALVAREZ-CARTAGENA** exchange what they believed to be drugs for cash. Between each exchange, **ALVAREZ-CARTAGENA** re-entered Apartment 43. Moments after the third transaction, Agents observed **ALVAREZ-CARTAGENA** approach a 1997 Honda Accord with Puerto Rico license plate IPV043 and begin looking for something inside the trunk. PRPD agents then approached **ALVAREZ-CARTAGENA**, arrested him, and advised him of his Miranda rights verbally.

PRPD agents obtained **ALVAREZ-CARTAGENA's** consent to search the vehicle and apartment by presenting him, and advising him of his rights, through a PPR-879 Consent to Search Form, which ALVAREZ-CARTAGENA signed. During the search of the apartment, **ALVAREZ-CARTAGENA** told the agents where the drugs were located. From the residence, agents seized one-hundred and eight (108) small plastic cups and one hundred and three (103) baggies of marihuana. While seizing the drugs, agents observed a gun cleaning kit, and asked **ALVAREZ-**

CARTAGENA where the firearm was. **ALVAREZ-CARTAGENA** voluntarily stated that the firearm was in the trunk of his vehicle, the Honda Accord previously described. From the 1997 Honda Accord, agents found and seized one Smith and Wesson revolver, caliber .357, model 65-3, serial number AWY942 loaded with six (6) rounds of .357 caliber ammunition and an additional eleven (11) rounds of .357 caliber ammunition. PRPD agents transported **ALVAREZ-CARTAGENA** to the PRPD Guayama headquarters. Miranda warnings were administered and **ALVAREZ-CARTAGENA** voluntarily waived his rights by signing ATF's advice of rights and waiver form. In response to questioning, **ALVAREZ-CARTAGENA** admitted that the drugs were his, that he sold drugs, and that he purchased the revolver for approximately $450 about two to three months ago for protection.

By pleading guilty, **ALVAREZ-CARTAGENA** acknowledges that he knowingly and intentionally possessed less than one kilogram of marihuana for distribution purposes and that the firearm he possessed was in furtherance of a drug trafficking crime.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Counts One and Four of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, live testimony of PRPD agents, evidence recovered at the scene, photographs, documents, and other physical evidence.

[CONTINUED ON NEXT PAGE]

Discovery was timely made available to Defendant for review.

_____
**David T. Henek**
Assistant United States Attorney
Dated: 8/6/19

_____
**Diego H. Alcala-Laboy**
Counsel for Defendant
Dated: 8/26/2019

_____
**Jose Manuel Alvarez-Cartagena**
Defendant
Dated: 8/26/2019